# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD DAVIS, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: CV-2022-_____ |
| ) | |
| **SPECIALIZED TRANSPORTATION SERVICES, INC., a foreign corporation; QASHUN** ) ) ) ) | |

**COLEMAN, an individual; and No. 1,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicle being driven by Defendant QUASHUN COLEMAN on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 2,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed or who or which was the employer of Defendant QUASHUN COLEMAN on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 3,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose negligence caused the Plaintiff's injuries on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 4,** whether singular or plural, that entity or those entities, including, but not limited to, the driver of the commercial motor vehicle whose wantonness, recklessness or willfulness caused the Plaintiff's injuries on the occasion forming the basis of the Plaintiff's Complaint; **No. 5,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities who or which was the master, principal or employer of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint; **No. 6,** whether singular or plural, that entity or those entities for whom the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint was performing a duty or service at the time of the incident; **No. 7,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities on whose behalf the commercial motor vehicle involved in the collision forming the basis of this lawsuit was being operated at the time of the incident forming the basis of the Plaintiff's

Complaint; **No. 8,** whether singular or plural, that entity or those entities that selected, hired, trained, supervised or retained the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint; **No. 9,** whether singular or plural, that entity or those entities who or which are responsible for the negligent or wanton hiring, training or supervision of the driver of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint; **No. 10,** whether singular or plural, that entity or those entities that issued any policy of insurance that provided coverage for the Plaintiff's injuries received as a result of the incident forming the basis of the Plaintiff's Complaint, including, but not limited to, uninsured/underinsured motorist coverage, secondary, "umbrella," and/or excess insurance coverage; **No. 11,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the commercial motor vehicle involved in the incident forming the basis of the Plaintiff's Complaint; **No. 12,** whether singular or plural, that entity or those entities who or which are the successor-in-interest of any of the entities described herein; **No. 13,** whether singular or plural, that entity or those entities who or which are the predecessor-in-interest of any of those entities described herein; **No. 14,** whether singular or plural, that entity or those entities whose negligent, wanton, reckless or willful conduct caused or contributed to cause the collision forming the basis of the Plaintiff's Complaint; **No. 15,** whether singular or plural, that entity or those entities that maintained the commercial motor vehicle and whose negligence, wantonness, recklessness or willfulness caused or contributed to cause the Plaintiff's injuries; and **No. 16,** whether singular or plural, that entity or those entities that either sold, gave or otherwise provided intoxicating beverages to the driver of the commercial motor vehicle involved in the collision forming the basis of the Plaintiff's Complaint. The Plaintiff avers that that identities of the fictitious parties Defendant are otherwise unknown to the Plaintiff at this time, or if their names are known, their identities as proper parties Defendant are not known to the Plaintiff at this time, but their true names will be substituted by amendment when ascertained,       )
                                                )
                                                )
                                                )
    **Defendants.**                        )

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff RICHARD DAVIS, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

### Parties

1. Plaintiff RICHARD DAVIS is an adult resident citizen of the State of Georgia.

2. Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. is a foreign corporation incorporated in the State of Tennessee with its principal place of business in the State of Tennessee. Therefore, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. is a citizen of the State of Tennessee.

3. At the time of the collision forming the basis of this civil action, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. was operating in and doing business in the State of Alabama.

4. On or about November 8, 2021, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owned and/or leased, maintained, and controlled a commercial vehicle (VIN # 3AKJHHDRXLSLZ0965) involved in a collision with Plaintiff RICHARD DAVIS.

5. Defendant QUASHUN COLEMAN is, upon information and belief, an adult resident citizen of the State of Mississippi, who was at all times pertinent to this civil action an employee working for and under the control of Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was the operator of the commercial vehicle (VIN # 3AKJHHDRXLSLZ0965) owned and/or leased, maintained and controlled by Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 on November 8, 2021.

6. All of the acts and omissions of Defendant QUASHUN COLEMAN alleged in this civil action were acts and omissions that occurred while Defendant QUASHUN COLEMAN was acting within the line and scope of his employment as an employee of Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

7. This Complaint is brought against all employees and agents of Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and against the officers, directors,

managerial agents, supervisors and safety personnel for Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

8. Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 as a legal entity, can only act through its officers, employees and agents.  As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff RICHARD DAVIS.

## Jurisdiction and Venue

9. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10. Venue is proper in the United States District Court for the Northern District of Alabama, Southern Division, as the cause of action arose in this district.

## Factual Allegations

11. The Plaintiff adopts and incorporates paragraphs one (1) through ten (10) as if fully set out herein.

12. On or about November 8, 2021, Plaintiff RICHARD DAVIS was Northbound on I-20/59, in Jefferson County, Alabama, near the Academy Drive Exit.

13. At the same time and place, Defendant QUASHUN COLEMAN was operating a commercial vehicle that was leased and/or owned by Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was Northbound on I-20/59 in Jefferson County, Alabama, near the Academy Drive Exit.

14. At the same time and place, Defendant QUASHUN COLEMAN was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendant SPECIALIZED

TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

15. At the same time and place, Defendant QUASHUN COLEMAN caused and/or allowed his commercial vehicle to collide with the vehicle operated by Plaintiff RICHARD DAVIS. Thereafter, Defendant QUASHUN COLEMAN advised the responding police officer that he did not see the Plaintiff's vehicle.

16. As a direct and proximate consequence of the collision described in paragraph fifteen (15), above, the Plaintiff was caused to suffer personal injuries and damages as described with particularity in paragraph twenty (20), below.

## Count One
## Negligence/Gross Negligence/Willfulness

17. The Plaintiff adopts and incorporate paragraphs one (1) through sixteen (16) as if fully set out herein.

18. At the time of the collision forming the basis of this civil action, Defendant QUASHUN COLEMAN and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

19. Defendant QUASHUN COLEMAN, while acting at all times in the line and scope of his employment with Defendant SPECIALIZED

TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial vehicle to collide with vehicles owned and/or operated by Plaintiff RICHARD DAVIS, including, but not limited to, the following conduct:

    a. Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

    b. Failing to maintain a proper lookout for warnings, other vehicles, and obstructions;

    c. Failing to use reasonable care to anticipate the presence of others;

    d. Driving in such a manner or such a speed as to cause a large commercial vehicle to crash into Plaintiff's vehicle;

    e. Driving too fast and/or carelessly in a commercial vehicle under the conditions and circumstances, thus endangering others on the highway;

    f. Inattentively operating a commercial vehicle in a dangerous and distracted manner;

    g. Operating a commercial vehicle in violation of the Rules of the Road;

    h. Operating his commercial vehicle without adequate training, experience, and qualification; and

    i. Other negligent acts and omissions.

20. As a direct and proximate consequence of the conduct of Defendant QUASHUN COLEMAN and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, Plaintiff RICHARD DAVIS was caused to suffer injuries and damages, including, but not limited to:

   a. The Plaintiff was caused to suffer injuries to his person that were and are attended by physical pain and suffering;

   b. The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure his injuries;

   c. The Plaintiff suffered mental anguish and emotional distress;

   d. The Plaintiff suffered past, present, and future lost earnings and lost earning capacity; and

   e. The Plaintiff was caused to suffer the loss, damage and/or diminution of value to his personal property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff RICHARD DAVIS requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant QUASHUN COLEMAN and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar

future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Two
### *Respondeat Superior*

21. The Plaintiff adopts and incorporate paragraphs one (1) through twenty (20) as if fully set out herein.

22. At the time and place of the collision forming the basis of this civil action, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were the principal, master and/or employer of Defendant QUASHUN COLEMAN.

23. At the time and place of the collision forming the basis of this civil action, Defendant QUASHUN COLEMAN was the agent, servant and/or employee of Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

24. At the time and place of the collision forming the basis of this civil action, Defendant QUASHUN COLEMAN was acting within the line and scope of his employment with Defendant and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14,

15 and 16 and was operating a tractor-trailer, commercial vehicle in furtherance of the business purposes of Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

25. As a result of the foregoing, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as principals, are vicariously liable to Plaintiff RICHARD DAVIS for the negligent, wanton, reckless or willful conduct of Defendant QUASHUN COLEMAN, as agent, which proximately caused injuries and damages to Plaintiff RICHARD DAVIS, as set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff RICHARD DAVIS requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff

requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
## Negligent Hiring, Training, Retention & Supervision

26. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-five (25), as if fully set out herein.

27. At all times relevant to the events forming the basis of this civil action, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed a duty to RICHARD DAVIS, and to the other members of the motoring public, to exercise reasonable care in:

    a.    Hiring and retaining their drivers;

    b.    Providing training and instruction to their drivers;

    c.    Properly supervising their drivers;

    d.    Complying with federal, state or local regulations concerning the inspection, maintenance and operations of their commercial vehicles;

    e.    Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of their commercial motor vehicles;

    e.    Establishing safe procedures for the operation of their commercial motor vehicles; and

      f.    Inspecting, maintaining and repairing their commercial motor vehicles.

28. At all times relevant to the events forming the basis of this civil action, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached the duties set forth above by failing to use reasonable care in the:

    a.    Hiring of their drivers, employees or agents, including Defendant QUASHUN COLEMAN;

    b.    Training of their drivers, employees or agents, including Defendant QUASHUN COLEMAN;

    c.    Retention of their drivers, employees or agents, including Defendant QUASHUN COLEMAN;

    d.    Supervision of its business operations, by failing to properly monitor the driving habits and records of their drivers, employees, agents, and/or Defendant QUASHUN COLEMAN in a manner consistent with accepted industry practices, including;

    e.    Instruction of their drivers, employees or agents, including Defendant QUASHUN COLEMAN;

    f.    Supervision of their drivers, employees or agents, including Defendant QUASHUN COLEMAN;

    g.    Entrustment of a commercial vehicle to their drivers, employees or agents, including Defendant QUASHUN COLEMAN;

    h.    Inspection of their commercial motor vehicles;

      i.      Proper execution of their business practices and procedures;

      j.      Compliance with state and federal regulations;

      k.      Enforcement of their drivers', employees', agents', and/or Defendant QUASHUN COLEMAN's compliance with state and federal regulations;

      l.      Inspection and securement of mechanical booms connected to commercial vehicles in the Defendant's ownership, possession and/or control;

      m.      Utilization of available information to properly monitor their drivers, employees, agents, and/or Defendant QUASHUN COLEMAN for compliance with company policies, state regulation and federal regulations; and

      n.      Other ways that are unknown, but may be revealed after further investigation and discovery.

29. As the entity that employed and controlled Defendant QUASHUN COLEMAN, Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

30. As a proximate consequence of Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the duties described above and specifically

related to its negligent hiring, training, retention and supervision of Defendant QUASHUN COLEMAN, Plaintiff RICHARD DAVIS suffered the injuries and damages set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff RICHARD DAVIS requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant SPECIALIZED TRANSPORTATION SERVICES, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**PLAINTIFF DEMANDS STRUCK JURY ON ALL CLAIMS TRIABLE.**

Dated: 05.23.2022

Respectfully submitted,

 */s/ Forrest H. James IV*
Forrest H. James, IV (asb-1927-o42g)

*Counsel for Plaintiff*

**OF COUNSEL:**
FOB JAMES LAW FIRM
2226 1st Ave S, Suite 105
Birmingham, Alabama 35223
Telephone: (205) 407-6015
Fob@FobJamesLaw.com

**DEFENDANTS TO BE SERVED CERTIFEID MAIL:**

Quashun Coleman
236 Lorenz Blvd.
Jackson, MS 39216-3817

Specialized Transportation Services, Inc.
Attention: Ramsey Hassan
225 Sam Griffin Road
Smyrna, TN 37167-4664